## HULL v. STOGDELL.

1. **Landlord and Tenant:** RENT ON FARM LEASE: WHEN DUE: CONSTRUCTION OF LEASE. The lease on which this action for rent was brought provided that "when the crop matures, or any portion of it shall be fit for market, the rents shall become due." *Held* that the rent became due when the oats were in stack and the corn was all ripe, and that it was not necessary for the oats to be threshed and the corn gathered before an action for rent could be maintained.

*Appeal from Hardin Circuit Court.*

THURSDAY, OCTOBER 22.

ACTION to recover rent of land due upon a lease. The cause was tried to a jury, and judgment was rendered upon a verdict for defendant. Plaintiff appeals.

*Parker & Childs,* for appellant.

*Wesley Martin, J. L. Kamrar* and *Huff & Pillsbury,* for appellee.

BECK, CH. J.—I. The lease is for farming lands, and contains this condition, among others: " When the crop matures, or any portion of it shall be fit for the market, the rents shall become due." The action was commenced on the twenty-third day of October of the year in which the tenancy existed under the lease. A witness for plaintiff testified to defendant's possession and cultivation of the land under the lease. His further testimony was in this language: " The crop was matured when this action was begun. The oats—twenty acres of oats—were in the stack, and the corn was all ripe when the action was commenced. The defendant was gathering the corn and feeding it out. No part of the rent has been paid." Upon this evidence plaintiff rested, and thereupon, upon motion of defendant, the circuit court took the cause from the jury, and rendered a judgment for defendant for costs, on the ground that plaintiff's testimony showed that the rent was not due when the suit was commenced.

II. The ruling of the court was clearly wrong. The evidence for plaintiff clearly shows that the rent was due under the lease. It shows that the crop was mature when the suit was commenced. It shows, too, that the crop was fit for market at that time, for the oats were in the stack, the corn was all ripe, and defendant was gathering and feeding it. The

corn was fit to gather, and the oats ready for threshing. The grain was fit for market. The condition of the lease does not mean that the crop must be *ready* for market in order to determine the maturity of the rent. If that were so, the defendant could have delayed threshing the oats and gathering the corn, thus indefinitely extending the time for the maturity of the rent.

The judgment of the circuit court must be

REVERSED.